**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **JULIE A. GIDDINGS-SLAVEN,** | |
| Plaintiff, | 2006-CV-0165 |
| v. | |
| **MVM, INC., and UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, and Affiliated LOCAL 33,** | |
| Defendants. | |

TO: Natalie Nelson Tang How, Esq.
　　Andrew L. Capdeville, Esq.
　　Chad C. Messier, Esq.

## ORDER DENYING PLAINTIFF'S MOTION TO EXTEND FACTUAL DISCOVERY

THIS MATTER came before the Court upon Plaintiff's Motion to Extend Factual Discovery (Docket No. 66). Defendant United Government Security Officers of America, and its Local 33, filed a memorandum in opposition to said motion. This order is issued without necessity of reply.

Factual discovery in this matter closed on October 1, 2008. Order Granting Joint Motion to Extend Discovery Deadline (Docket No. 53). By her current motion, Plaintiff seeks to re-open discovery. Plaintiff claims that "[d]ue to issues that were raised during the course of mediation, it became evident that there may be conflicting representations,

*Giddings-Slaven v. MVM, Inc..*
2006-CV-0165
Order Denying Plaintiff's Motion to Extend Factual Discovery
Page 2

including those made by some of the named witnesses. . . . Plaintiff seeks the opportunity to address these issues through supplemental written discovery and depositions of pertinent witnesses." Motion at 1. According to Plaintiff, mediation was held on September 8, 2008. *Id*. Plaintiff filed her motion on October 31, 2008, almost two months after the said mediation and almost one month exactly after the factual discovery deadline.

The rule in this jurisdiction is that movant must offer justification for its delay in seeking the discovery. *See, e.g., Johnson v. Thru-Point, Inc.*, 160 Fed. Appx. 159, 162 (3d Cir. 2005) (where the court states, "Untimely amendments and discovery are disfavored where the movant offers no justification for the delay"). Even though Plaintiff claims to have been unaware of the possibility of conflicting evidence, Plaintiff acknowledges that the discovery now sought includes depositions of named witnesses. As in the *Johnson* case, Plaintiff in the matter at bar does not present any reason why she could not have obtained the discovery she now seeks during the almost two years this matter was pending prior to the close of discovery.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Extend Factual Discovery (Docket No. 66) is **DENIED**.

*Giddings-Slaven v. MVM, Inc..*
2006-CV-0165
Order Denying Plaintiff's Motion to Extend Factual Discovery
Page 3

ENTER:

Dated: November 24, 2008                                    /s/
                                             GEORGE W. CANNON, JR.
                                             U.S. MAGISTRATE JUDGE