# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

JULIE A. GIDDINGS-SLAVEN,  )
          Plaintiff,  )
v.  )
  )
MVM, INC and UNITED GOVERNMENT  )    CIVIL NO. 2006-0165
SECURITY OFFICERS OF AMERICA  )
LOCAL 33,  )
          Defendants.  )
_____)

## MEMORANDUM OPINION

Finch, Senior Judge.

THIS MATTER comes before the Court on the Motion for Summary Judgment filed by Defendant United Government Security Officers of America, International Union and its Local 33, [hereinafter "the Union"] with which Defendant MVM, Inc. [hereinafter "MVM"] has joined, and MVM's Motion for Summary Judgment.

I.    **Background**

Plaintiff Julie Giddings-Slaven began working for MVM as a Security Officer assigned to the District Court of the Virgin Islands in Christiansted, St. Croix in July 2002. Upon being hired, she became a dues paying member of the Union.

In mid July 2005, Giddings-Slaven allowed her husband to use her card key to access the public parking lot on the Court premises to pick her up from work. MVM suspended Giddings-Slaven between July 21 and July 28, 2005. MVM terminated Giddings-Slaven on August 4, 2005. In a letter of termination, dated August 31, 2005, MVM indicated that it had fired Giddings-Slaven for violating provisions of the Contract Guard Information Manual.

Giddings-Slaven requested assistance from the Union, both when she was suspended and immediately after she was terminated. The Union communicated with her during her period of suspension and informed her of certain conditions that she would have to fulfill for the Union to assist her. Ultimately, the Union did not assist her. The Union never once responded to her request for assistance after she was terminated. Because Giddings-Slaven considered it a fruitless endeavor, she neither notified the Union that she had received a letter of termination nor forwarded such letter to the Union.

This action was commenced on December 14, 2006. Giddings-Slaven sues MVM for wrongful discharge, breach of express and implied employment contract, breach of the covenant of good faith and fair dealing, and negligent and intentional infliction of emotional distress  She claims that the Union violated its duty of fair representation, breached its fiduciary duty to her, and also negligently and intentionally inflicted her with emotional distress. She charges both Defendants with depriving her of her due process rights as set forth under the National Labor Relations Act, § 1 *et seq.*, as amended 29 U.S.C. § 151 *et seq.* She seeks compensatory and punitive damages from both Defendants.

The Union and MVM contend that those of Giddings-Slaven's allegations brought pursuant to section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, are untimely. They also maintain that her territorial claims are preempted. Giddings-Slaven responds that there is a genuine issue of material fact as to whether her section 301 claims are untimely and that her territorial claims are not preempted.

**II.     Analysis**

A. Statute of Limitations

The parties do not dispute that a six month statute of limitations applies to a "hybrid" section 301 action, one involving a union member suing his or her employer for breaching its contractual obligations under a collective bargaining agreement and the union for breaching its duty of fair representation.  See DelCostello v. AFL-CIO, 462 U.S. 151, 171 (1983) (holding that the six month statute of limitation of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to a "hybrid" section 301 action);  Beidleman v. Stroh Brewery Co., 182 F.3d 225, 236-37 (3d Cir. 1999) (following DelCostello).  Giddings-Slaven argues that she timely filed her section 301 claims when she reasonably believed that the Union had no intention to represent her in her claim against MVM.

Giddings-Slaven wrote to the Union on August 9, 2005 requesting assistance after she was terminated.  She never received any response from the Union.  It was not until more than a year later in December 2006, that she filed her Complaint.  Although there was surely a period of time in which Giddings-Slaven anticipated that the Union would answer her letter, no reasonable jury could find that she still expected the Union to get in touch with her when several months passed with no response.

The statute of limitations begins to run on a hybrid 301 claim when "the futility of further union appeals became apparent or should have become apparent."  Scott v. Local 863, International Brotherhood of Teamsters, 725 F.2d 226, 229 (3d Cir. 1984).  Although a reasonable jury could find that the statute of limitations was tolled during a brief waiting period, even giving her the benefit of the doubt, the jury would find that it had begun to run by the end of

2005. When the facts are so clear that reasonable minds cannot differ, the commencement of the statute of limitations period may be determined as a matter of law. See Vitalo v. Cabot Corp., 399 F.3d 536, 543 (3d Cir. 2005). No reasonable jury could find that the statute of limitations had not expired by the time that Giddings-Slaven filed her Complaint in December 2006. Therefore, to the extent that Giddings-Slaven asserts that MVM breached its contractual obligations under a collective bargaining agreement or that the Union breached its duty of fair representation, those claims are barred by the statute of limitations.

    B.    Preemption

        1.    Breach of Contract and the Covenant of Good Faith and Fair Dealing

Giddings-Slaven argues that she bases her claims for breach of contact and breach of the implied covenant of good faith and fair dealing not on the collective bargaining agreement (CBA) entered into between the Union and MVM, but on the Contract Guard Information Manual. The Court has reviewed the Contract Guard Information Manual and finds that it is not a contract. Rather it is a set of rules or standard operating procedures. Such a manual could be explicitly or impliedly incorporated into a contract. However, the Contract Guard Information Manual does not, in and of itself, constitute a meeting of the minds between Giddings-Slaven and MVM, much less between Giddings-Slaven and the Union, since it includes no reference, whatsoever, to the Union.

The Court would not be able to resolve Giddings-Slaven's claims for breach of contract or breach of the implied covenant of good faith and fair dealing without analysis of the terms of the only contractual document, the CBA. See Guerrero v. Hovensa LLC, 259 Fed.Appx. 453,

458 (3d Cir. 2007) ("Whether there is an "implied *contractual* duty," will necessarily require an analysis of the terms of the CBA to determine if the contract as a whole obliges the employer to act with good faith and fair dealing."). Therefore, such claims are completely preempted.

       2.       Wrongful Discharge

Giddings-Slaven alleges that she was terminated in violation of the Virgin Islands Wrongful Discharge Act (WDA), 24 V.I.C. § 76. The Court must interpret the CBA to determine whether the CBA adds, as an additional ground for discharge to those enumerated by the WDA, the unauthorized use of a card key to pick up an MVM employee. Thus, Giddings-Slaven's WDA claim is completely preempted. Accord Guerrero, 259 Fed. Appx. at 457-58.

       3.       Intentional and Negligent Infliction of Emotional Distress

Giddings-Slaven's claims for intentional and negligent infliction of emotional distress stem from the consequences of her suspension and termination, the lack of due process afforded her by MVM and the Union, and the failure of the Union to represent her. Grounds for suspension and termination, the necessary due process, and the Union's obligations regarding representation are specifically addressed in the CBA. Resolving whether the MVM or the Union negligently or intentionally inflicted her with emotional distress in relation to her suspension and termination would substantially depend on analysis of the provisions of the CBA. Thus, these claims are also completely preempted. Accord id. at 458.

## III.    Conclusion

No reasonable jury could find that Giddings-Slaven filed this hybrid section 301 LMRA

action within the six-month statute of limitations period, even allowing for several months of tolling while she awaited a response from the Union. Thus, her section 301 claims are untimely. Her territorial claims of breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge and intentional and negligent infliction of emotional distress are completely preempted because their resolution would require interpretation of the collective bargaining agreement between MVM and the Union. Accordingly, the Court grants both MVM's and the Union's motions for summary judgment.

ENTER:

DATE:	October 14, 2009	_____/s/_____
RAYMOND L. FINCH
SENIOR DISTRICT JUDGE